| | |
|---|---|
| JOHN J. BARTIS,  )<br>  )<br>   Plaintiff(s),  )<br>  )<br>   vs.  )<br>  )<br>CITY OF BRIDGETON,  )<br>CHIEF WALTER H. MUTERT, MAJOR  )<br>STEINMAN, CAPTAIN DON HOOD, JIM  )<br>LIVINGSTON, BRIAN PULLING, DALE  )<br>ROWE, CARL DREWS, DAN O'CONNOR,  )<br>  )<br>   Defendant(s).  )<br>  )<br>  )<br>JIM LIVINGSTON, BRIAN PULLING, DALE )<br>ROWE, CARL DREWS, DAN O'CONNOR,  )<br>  )<br>   Cross-Claim Plaintiff(s),  )<br>  )<br>   vs.  )<br>  )<br>CAPTAIN ROBERT WACKER and  )<br>CITY OF BRIDGETON, CHIEF WALTER  )<br>MUTERT, MAJOR STEINMAN, CAPTAIN  )<br>DON HOOD,  )<br>  )<br>   Cross-Claim Defendant(s).  )  | Case No. 4:06CV1574 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Cross Claim Plaintiffs' Joint Second Amended Motion for Remand due to Cross/Counter Claim Defendants' Failure to Timely File Notice of Removal and due to Cross Claim Defendants' Waiver of Right to Removal ("Cross-Claim Plaintiffs' Motion to Remand"), filed November 9, 2006. (Doc. No. 11). The matter is fully briefed and ready for disposition.

## BACKGROUND

On or about March 10, 2006, Plaintiff John J. Bartis ("Bartis") filed an Amended Petition in the Circuit Court of St. Louis County, Missouri, in which he asserted claims for wrongful discharge, slander, intentional interference with business expectancy, and civil conspiracy. (Notice of Removal, attached Exh. B). In his Amended Petition, Bartis named the following as Defendants: City of Bridgeton, Chief Walter H. Mutert, Major Robert Steinman, and Captain Don Hood (collectively "Cross-Claim Defendants[1]"); and Jim Livingston, Brian Pulling, Dale Rowe, Carl Drews, and Dan O'Connor (collectively "Cross-Claim Plaintiffs").

On or about May 19, 2006, Cross-Claim Plaintiffs filed separate Answers and Counterclaims to Bartis' Amended Petition. (Notice of Removal, attached Exh. D). Specifically, Cross-Claim Plaintiffs asserted counterclaims pursuant to 42 U.S.C. § 1983 and the Missouri Sunshine Act, and for assault and battery. (Id.).

On or about June 2, 2006, Cross-Claim Plaintiffs filed Amended Cross-Claims against Cross-Claim Defendants. (Notice of Removal, attached Exh. E). Specifically, Cross-Claim Plaintiffs asserted cross-claims pursuant to 42 U.S.C. § 1983, the Missouri Sunshine Act, and the Missouri Whistleblower Protection Statute. (Id.).

On October 10, 2006, the Circuit Court of St. Louis County dismissed with prejudice all Bartis' claims against both Cross-Claim Plaintiffs and Cross-Claim Defendants. (Notice of Removal, attached Exh. F). As a result, the only remaining claims in this matter are Cross-Claim Plaintiffs' counterclaims against Bartis, and cross-claims against Cross-Claim Defendants.

---

[1] Cross-Claim Defendants in this matter also include Captain Robert Wacker, who was not named as a Defendant in Bartis' Amended Petition.

Cross-Claim Defendants removed this action to this Court on October 26, 2006. (Doc. No. 1).[2] As grounds for the removal, Cross-Claim Defendants invoke this Court's federal question jurisdiction, based on Cross-Claim Plaintiffs' § 1983 counterclaim and cross-claim. (Id.). As stated above, Cross-Claim Plaintiffs filed the instant Motion to Remand on November 9, 2006, asserting Cross-Claim Defendants' removal was improper both because it was untimely filed, and because they waived their right to remove. (Doc. No. 11).

**DISCUSSION**

**I.  Was Cross-Claim Defendants' Notice Of Removal Timely Filed?**

In their Motion to Remand, Cross-Claim Plaintiffs first assert Cross-Claim Defendants' Notice of Removal was untimely, as it was filed more than thirty days after the filing of Cross-Claim Plaintiffs' federal cross-claim.[3] Cross-Claim Defendants counter the suit was not then removable, as this Court lacked subject matter jurisdiction at that time.

 "A defendant has a right to remove a case from state to federal court if the plaintiff's cause of action arises under federal law." Unifund CCR Partners v. Peak, 2006 WL 2583658 at *2 (E.D. Ark. Sep 7, 2006), citing 28 U.S.C. § 1441(b).  Under the "well-pleaded complaint" rule, however, federal question jurisdiction is limited to those cases in which the plaintiff's own complaint establishes that the action arises under federal law. Id. (citations omitted). Thus, under Eighth Circuit law, "[a] third party defendant lacks the authority to remove a case based on the assertion of a federal claim in a third party complaint." Id., citing Lewis v. Windsor Door Co., a Div. of Ceco Corp., 926 F.2d

---

[2] Original Plaintiff Bartis consented to the removal. (Notice of Removal, P. 3).

[3] 28 U.S.C. § 1446 states that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based..."

729, 733 (8th Cir. 1991). Pursuant to the foregoing, Cross-Claim Defendants lacked the authority to remove this case to federal court while Bartis' claims were still pending.

The analysis does not end there, however. 28 U.S.C. § 1446(b) states in relevant part as follows: "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Upon consideration, the Court finds Cross-Claim Plaintiffs' federal counterclaim and cross-claim became removable on October 10, 2006, when Bartis' original claims against all Cross-Claim Plaintiffs and Cross-Claim Defendants were dismissed, leaving Cross-Claim Plaintiffs as the only Plaintiffs of record in this matter. The Court thus finds Cross-Claim Defendants' Notice of Removal was timely, as it was filed within thirty days of the date Bartis' claims were dismissed.[4]

## II. Did Cross-Claim Defendants Waive Their Right To Remove?

In their Motion to Remand, Cross-Claim Plaintiffs next assert Cross-Claim Defendants waived their right to remove, as they submitted their case on the merits to the jurisdiction of the St. Louis County Circuit Court. Upon consideration, however, the Court rejects that contention, as Cross-Claim Defendants' actions in state court were taken before the case was removable to federal court. See Adams v. Lederle Laboratories, 569 F.Supp. 234, 247 (W.D. Mo. 1983) ("Where the second

---

[4] Cross-Claim Plaintiffs assert that pursuant to 28 U.S.C. § 1441(c), Cross-Claim Defendants had a right to remove at the time the cross-claims were filed. 28 U.S.C. § 1441(c) provides as follows: "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." The Eighth Circuit has rejected the idea that 1441(c) permits removal of a suit not otherwise within federal jurisdiction, because of the introduction of a third-party claim. See Lewis, 926 F.2d at 733. See also Killian v. Union L.P. Gas System, Inc., 568 F.Supp. 679, 680 (W.D. Mo. 1983).

paragraph of section 1446(b) provides the operative law for a case, it is obvious that a defendant's acts in the state court, taken before the case became removable or before the defendant was able to determine that the case was removable, cannot be taken as a waiver of the right to remove.").

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Cross Claim Plaintiffs' Joint Second Amended Motion for Remand due to Cross/Counter Claim Defendants' Failure to Timely File Notice of Removal and due to Cross Claim Defendants' Waiver of Right to Removal (Doc. No. 11) is **DENIED**.

Dated this 7th day of December, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE